# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1449V
Filed: May 10, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RUTH MAJOR, | |
|        Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
|        Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.
*Ann Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

     On December 1, 2015, Ruth Major ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on January 4, 2015. On April 12, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 13).

     On May 6, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 18). Petitioner requests attorneys' fees in the amount of $9,957.50, and attorneys' costs

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in the amount of $176.69,[3] for a total amount of $10,134.19. *Id*. In accordance with General Order #9, petitioner's counsel states that petitioner incurred $400.00, in out-of-pocket expenses, and provided documentation of the expense.  On May 10, 2016, respondent filed a response stating that she has no objection "to the overall amount sough, as it is not an unreasonable amount to have been incurred for proceedings in this case to date."[4]  (ECF No. 19).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

   **Accordingly, the undersigned awards the following"**

   **(a) $10,134.19,[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Carol L. Gallagher, and**

   **(b) $400.00, as a lump sum in the form of a check payable to petitioner only.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] In the motion for attorneys' fees and costs, petitioner's counsel includes as a separate line item, "unpaid costs" which includes two bills for medical records retrieval.  These costs were incurred by petitioner's counsel and will be included in the costs borne by petitioner's counsel.

[4] Respondent notes that her lack of objection to the amount sought should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.